**PINK YOUNG v. LENA E. EWING, a widow**

9 So. (2nd) 716                                    Division B
September 29, 1942

John C. Walker, for appellant.

Rossetter & Peel, for appellee.

CHAPMAN, J.:

The appellee, Lena E. Ewing, filed an ejectment suit in the Circuit Court of Brevard County, Florida, to recover the title and possession of Lot 30, as described in Deed Book 84, page 120, Metcalf's unrecorded Plat of Wright Brothers' Tract, Section 3, Tp. 28, South Range 37 East. Plaintiff below offered in evidence deed No. 145 issued by the State of Florida through the Trustees of the Internal Improvement Fund of the State of Florida to the plaintiff under date of November 18, 1940. Plaintiff offered testimony to show that the defendants below were in possession of the land described in the declaration and the aforesaid deed. A motion was made by the plaintiff for a directed verdict.

Counsel for the defendant below (appellants here) contended that the motion should be denied because Section 11 of Chapter 18296, Acts of 1937, Laws of Florida, commonly known as the Murphy Act, was controlling and that the appellants had a period of ten years in which to pay the taxes on the land, which was admitted to be the homestead of the appellants. Section 11 of the Act, *supra,* provides that if tax certificates on a homestead are puurchased under the terms of the Act by any person or persons, or corporation, not the owner of the land, then the purchaser thereof at the expiration of ten years shall have a right to apply for a tax deed. The State of Florida did not purchase the tax certificates, neither did it apply for a tax deed under the provisions of the Act, but the title to the land passed to the State of Florida

under the several provisions of Section 9 of Chapter 18296, *supra*. See State ex rel. Hurner v. Culbreath, 140 Fla. 634, 192 So. 814. The constitutionality of the statute vesting the title to said lands was sustained therein. We are unable to find error in the record and the judgment for the plaintiff below accordingly is hereby affirmed.

It is so ordered.

BROWN, C. J., TERRELL, and THOMAS, JJ., concur.